Nick J. Spahos and Stella Spahos v. Commissioner.
Spahos v. Commissioner
Docket No. 77177.
United States Tax Court
T.C. Memo 1961-175; 1961 Tax Ct. Memo LEXIS 176; 20 T.C.M. (CCH) 892; T.C.M. (RIA) 61175; June 15, 1961
*176 During or prior to 1947, Intelligence Division of the Internal Revenue Service began an investigation of petitioners' income tax returns. Nick J. Spahos was indicted for income tax evasion in 1951. The indictment was nolle prossed on April 15, 1956. Petitioners kept their records and filed their income tax returns for the years 1947 to 1956 on the cash basis. During the period 1947 to 1955, inclusive, petitioners paid amounts totaling $13,375.32 for legal services and expenses relative to and in defense of the criminal prosecution. They took a deduction of the entire amount of $13,375.32 for the taxable year 1956. They took no deduction for any part of said amount in any year prior to 1956. Held: That no part of said amount of $13,375.32 was deductible in 1956. A. J. Schmitt, Jr., Esq., California Co. Bldg., New Orleans, La., for the petitioners. David E. Mills, Esq., for the respondent. FISHER
Memorandum Opinion FISHER, Judge: Respondent determined deficiencies in income taxes of petitioners for the years 1954 and 1956 in the respective amounts of $3,309.82 and $5,227.06. All issues have been disposed of by stipulation except the question of whether or *177 not petitioners, cash basis taxpayers, are entitled to deduct in 1956 legal fees and expenses paid out during the years 1947 to 1955, inclusive. All of the facts are stipulated and are incorporated herein by this reference. Petitioners are husband and wife and reside at Metairie, Louisiana. The petitioners filed joint income tax returns for the taxable years 1954 and 1956 with the director of internal revenue at New Orleans, Louisiana. During or prior to the year 1947, the Intelligence Division of the Internal Revenue Service commenced an investigation of petitioners' income tax returns. Petitioner Nick J. Spahos was indicted for income tax evasion on May 17, 1951, but the matter was nolle prossed on April 15, 1956. During the years 1947 to 1955, inclusive, petitioners expended the following sums for legal service, and expenses relative to and in defense of said criminal prosecution: 1947
$ 100.00
1948
800.00
1949
3,454.48
1950
32.12
1951
7,876.81
1952
54.05
1953
56.36
1954
1.50
1955
1,000.00
Total
$13,375.32
Petitioners deducted on their 1956 return as legal expenses $18,375.32, which included a $5,000 payment to their attorneys in connection *178 with the handling of a civil income tax matter. The respondent allowed the $5,000 deduction paid in 1956 but disallowed the $13,375.32 sum paid prior to 1956 relating to the legal expense attributable to the criminal prosecution. Petitioners kept their records and filed their returns for the years 1947 to 1956 on the cash basis. We think it obvious without extended discussion that, since petitioners were on the cash basis, they cannot deduct in 1956 legal fees and expenses paid in the years 1947 to 1955, inclusive. Petitioners do not question this view as a general proposition. They urge, however, that since criminal proceedings were hanging over them respondent would have disallowed any deduction for legal fees and expenses until the criminal case was disposed of. Since the indictment was nolle prossed in 1956, petitioners argue that they are entitled to the deduction of the entire amount of legal fees and expenses in that year even though paid in prior years. Assuming respondent would have disallowed deductions for such fees and expenses in the years in which they were paid, petitioners were not without remedy. They could have filed petitions with this Court or could have *179 paid the taxes, filed claims for refund, and entered suit for recovery thereof in the appropriate United States District Court or in the Court of Claims. No effort was made by petitioners to pursue any appropriate remedy. Under the circumstances, it is clear that respondent properly disallowed as a deduction for 1956 the entire $13,375.32 in issue. In view of our determination, it is unnecessary to consider alternative arguments advanced by respondent. Decision will be entered under Rule 50.